# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHRISTOPHER WILSON,
*Prisoner Identification No. 3514268,*

    Plaintiff,

    v.

BALTIMORE CITY STATE'S
ATTORNEY'S OFFICE,
KEVIN WILSON and
INTERNAL AFFAIRS FOR BALTIMORE
CITY, MD,

    Defendants.

Civil Action No. TDC-16-1269

## MEMORANDUM OPINION

Christopher Wilson ("Plaintiff"), currently confined at Stevens Correctional Center in Welch, West Virginia, filed this action *pro se* against the Baltimore City State's Attorney's Office, former Assistant State's Attorney Kevin Wilson ("ASA Wilson"), and the Internal Affairs Division of the Baltimore City Police Department ("BCPD"). Plaintiff's claims arise from his alleged cooperation pursuant to a plea agreement and his subsequent arrest and imprisonment for violating the terms of his probation. Pending before the Court are a Motion to Dismiss, filed by the Baltimore City State's Attorney's Office and ASA Wilson, and a Motion to Dismiss or, Alternatively, Motion for Summary Judgment, filed by BCPD. For the reasons set forth below, the Motions are granted.

## BACKGROUND

In late 2009, Plaintiff entered into a "contract," or a plea agreement, with the Baltimore City State's Attorney Office relating to criminal charges for which he was arrested. Compl. 2,

ECF No. 1. As part of the plea agreement, Plaintiff was to assist the State's Attorney's Office to "catch a dirty cop," but he would "not be asked to do anything . . . that would put me in knowing danger." *Id.* He was deemed to have fulfilled his part of the agreement, but the allegedly corrupt police officer was not arrested. Plaintiff was then sentenced in the Circuit Court for Baltimore City, Maryland to five years of probation with a 15-year suspended sentence.

Within one week of the sentencing, Plaintiff was arrested for a violation of probation. According to Plaintiff, ASA Wilson "had changed his mind" about Plaintiff's fulfillment of the plea agreement and thus had Plaintiff arrested under false pretenses in order to "force" his continued cooperation. Compl. 3; Suppl. Compl. 1, ECF No. 5. Plaintiff expressed concern that the additional cooperation requested to facilitate the arrest of the "dirty cop" would expose his identity, and that "the people I had snitched on would know it was me who was snitching and they would kill me." Compl. 3. Unmoved, ASA Wilson told Plaintiff to cooperate fully or "go to prison." *Id.*

Plaintiff cooperated as requested, leading to the arrest of the "dirty cop." *Id.*; *see* Suppl. Compl. 1-2. About two weeks later, Plaintiff was shot four times by two unnamed parties who told him to "stop snitching" and threatened to harm his family. Compl. 3-4. Plaintiff gave the names and addresses of the shooters to ASA Wilson, the Internal Affairs Division of BCPD, and Drug Enforcement Administration investigators. ASA Wilson, however, declined to arrest the shooters and told him to "leave it alone" and keep his "mouth shut," or he would be put in jail. *Id.* at 4; Suppl. Compl. 2-3.

In his Complaint as supplemented, Plaintiff, who was incarcerated at Roxbury Correctional Institution in Hagerstown, Maryland at the time he filed this action, seeks relief for wrongful endangerment, wrongful imprisonment, pain and suffering, and mental anguish. He

alleges that he is in prison on the probation violation, the shooters are free, and he suffered mental distress due to his fear that his children would be harmed. Plaintiff initially sought $1 million in damages. In his Supplement to the Complaint, he now seeks $3 million in damages.

## DISCUSSION

Defendants seek dismissal of the Complaint or summary judgment in their favor on several grounds, including that: (1) the Complaint does not sufficiently allege facts that establish subject matter jurisdiction; (2) the Baltimore City State's Attorney Office is not a legal entity that can be sued; (3) ASA Wilson is entitled to prosecutorial immunity; (4) Defendants are entitled to Eleventh Amendment immunity and state sovereign immunity; (5) Plaintiff's claims are barred by the statute of limitations; and (6) the Complaint fails to state a plausible claim for relief.

## I.    Legal Standards

It is the plaintiff's burden to show that subject matter jurisdiction exists. *Evans v. B.F. Perkins Co., Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when it believes that the plaintiff has failed to make that showing. When a defendant asserts that the plaintiff has failed to allege facts sufficient to establish subject matter jurisdiction, the allegations in the complaint are assumed to be true under the same standard as in a Rule 12(b)(6) motion, and "the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). When a defendant asserts that facts outside of the complaint deprive the court of jurisdiction, the Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *Kerns*, 585 F.3d at 192. The court should grant a

Rule 12(b)(1) motion based on a factual challenge to subject matter jurisdiction "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

## II.    Subject Matter Jurisdiction

The Court must first determine whether it has jurisdiction over this action. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Consequently, this Court may exercise subject matter jurisdiction only over "civil actions arising under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331 (2012), or civil actions wherein there is diversity of citizenship between the parties and the amount in controversy requirement is met, 28 U.S.C. § 1332. There is no presumption that jurisdiction is vested in a federal court. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). The burden of establishing subject matter jurisdiction rests on the

party invoking the jurisdiction of the court. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Here, Plaintiff has failed to identify any federal constitutional or statutory right allegedly violated. Moreover, the parties appear to be either Maryland citizens or are not considered to be citizens for the purposes of diversity jurisdiction. *See O'Neill v. Early*, 208 F.2d 286, 289 (4th Cir. 1953) ("[T]here is no diversity of citizenship in a suit which, although nominally against state agencies and officers, is in reality a suit against a state."); *Mayor & City Council of Baltimore v. Clark*, 944 A.2d 1122, 1131 (Md. 2008) ("[T]he Baltimore City Police Department is a state agency."). Thus, even if the Complaint is deemed to have raised colorable state law claims, the Court may not exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367. In the absence of allegations establishing either federal question jurisdiction or diversity jurisdiction, the Court must dismiss this case under Rule 12(b)(1).

## III. State's Attorney's Office

Even if the Court were to find a basis to exercise jurisdiction over the claims, such as by construing them as federal claims raised under 42 U.S.C. § 1983, the Complaint is subject to dismissal on other grounds. First, the United States Court of Appeals for the Fourth Circuit has expressly held that the Baltimore City State's Attorney's Office is not a legal entity capable of being sued because "no constitutional or statutory provision establishes a 'Baltimore City State's Attorney's Office.'" *Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379, 393-95 (4th Cir. 2014) (noting that the Baltimore City State's Attorney, a constitutional officer, may be sued). Even if construed as allegations against the Baltimore City State's Attorney, the claims would be subject to dismissal based on prosecutorial immunity. *See infra* part IV. The claims against the Baltimore City State's Attorney's Office are therefore also dismissed on these grounds.

5

## IV. ASA Wilson

The claims against ASA Wilson, which relate to actions taken in his official role as a prosecutor, are barred by prosecutorial immunity. A prosecutor is entitled to absolute immunity from civil liability for alleged conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). For example, "courts routinely apply the doctrine of absolute immunity" to actions challenging "conduct in connection with grand jury proceedings, arrest, indictment, and plea bargaining." *Hooper v. Sachs*, 618 F. Supp. 963, 971 (D. Md. 1985); *see, e.g., Doe v. Phillips*, 81 F.3d 1204, 1210 (2d Cir. 1996) ("[T]he negotiation of a plea bargain is an act within a prosecutor's jurisdiction as a judicial officer."). Here, ASA Wilson's actions relating to the plea agreement fall within the ambit of this protection. To the extent that Plaintiff alleges that ASA Wilson improperly failed to charge and prosecute the unnamed parties who shot him, those claims relating to a charging decision would also be subject to dismissal on the basis of prosecutorial immunity. *See Smith v. McCarthy*, 349 F. App'x 851, 859 (4th Cir. 2009); *Langworthy v. Dean*, 37 F. Supp. 2d 417, 421 (D. Md. 1999).

## V. BCPD

Third, any state or federal claims against the Internal Affairs Division of the BCPD are not cognizable. Lawsuits against the BCPD alleging state common law torts or state constitutional torts are barred because the BCPD is a state agency entitled to state sovereign immunity. *Chin v. City of Baltimore*, 241 F. Supp. 2d 546, 548-59 (D. Md. 2003); *Balt. Police Dep't v. Cherkes*, 780 A.2d 410, 434-35 (Md. Ct. Spec. App. 2001). Its state sovereign immunity has been waived only with respect to "statutorily imposed duties to defend and indemnify" an employee, *Cherkes*, 780 A.2d at 434, which is not at issue in this case.

Even if construed as alleging federal claims, Plaintiff's Complaint fares no better. Although the BCPD is generally deemed a state agency, *Clark*, 944 A.2d at 1131, some courts have concluded that it is nevertheless subject to suit under 42 U.S.C. § 1983 as a local government agency, *see, e.g.*, *Chin*, 241 F. Supp. 2d at 548-49; *Jones v. Chapman*, No. ELH-14-2627, 2015 WL 4509871, at *10 (D. Md. July 24, 2015). Without definitively ruling on this issue, the Fourth Circuit has considered such claims against the BCPD. *See, e.g.*, *Smith v. Balt. City Police Dep't*, 840 F.3d 193, 198 (4th Cir. 2016); *Owens*, 767 F.3d at 403-04. Even assuming that the BCPD is subject to suit under § 1983, the Complaint does not sufficiently allege a federal constitutional claim against the BCPD. In *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), the United States Supreme Court held that a local government may be liable for the unconstitutional conduct of individual defendants only if the alleged injury was caused by the "execution of a government's policy or custom." *Id.* at 694. Even when liberally construed, the Complaint identifies neither individual unconstitutional conduct nor a policy or custom subject to challenge. Any federal constitutional claim against the BCPD is therefore subject to dismissal.

Having concluded that Plaintiffs' claims must be dismissed, the Court need not reach Defendants' remaining asserted bases for dismissal.

## CONCLUSION

Although Plaintiff may have legitimate grievances relating to the events described in the Complaint, he has identified no cognizable basis for a lawsuit for damages against the named Defendants. For the foregoing reasons, the Motion to Dismiss filed by the Baltimore City State's Attorney's Office and ASA Wilson, and the Motion to Dismiss filed by the BCPD, are both GRANTED. A separate Order shall issue.

Date: May 16, 2017

THEODORE D. CHUANG
United States District Judge